The judgment of the district court will be affirmed.

(All the justices concurring.)

---

*166            *R. S. McCubbin *v.* City of Atchison.

July Term, 1873.

1. **New Trial: Remitting Excess.** Where, after a verdict is returned, the district court offers to enter judgment upon the verdict, providing a certain amount is remitted, such offer is equivalent to a decision in favor of the successful party upon all the grounds for a new trial, except such as may be involved in the sum proposed to be remitted.

2. **Municipal Corporations: Contracts with: Assignment.** Where a city lets a contract to do certain work, and the contractor, without objection from the city, transfers the contract to another party, and the latter does the work, and the same is accepted by the city, the city is responsible for the contract price.

3. ———. A transfer of such contract may be by parol.

4. ———. If such transfer is made upon certain specified conditions, the party to whom it is transferred takes it subject to those conditions.

5. ———: Rights of Assignee. Where the contractor, prior to the transfer, does part of the work, and, having given orders on the city for certain sums on account thereof, stipulates, as a condition of the transfer, that these orders shall be first paid by the city, and only the balance on the contract to go to the party to whom the transfer is made, the latter cannot, on completion of the work, recover from the city the entire amount due on the contract.

6. Unaccepted Order: Action on: Equitable Assignment. No action can be maintained on an unaccepted order, but such an order will sometimes be regarded as an equitable assignment of a claim for moneys due. [Snyder v. Board of Education, 16 Kan. 543.]

7. ———. Where a contractor with a city, prior to the transfer or assignment of his contract, does part of the work, and, having given orders on the city for certain sums on account thereof, transfers the contract without any stipulations or conditions, such orders can be considered as equitable assignments only to the extent of the work done at the time of the transfer.

Error from Atchison district court.

Action brought by McCubbin to recover from the city the sum of $436.80, alleged to be due him, as assignee of a contract, for work done for the city. Answer—*First*, a general denial; *second*, that defendant had been garnished by the creditors of O'Keefe, plaintiff's assignor, and had been adjudged, as such garnishee, and as the debtor of O'Keefe, to pay the four several sums of $202, $157.55, *167 $48, and $29.25, *making said sum of $436.80. The action was tried at the March term, 1873, of the district court. Verdict for plaintiff for $436.80. The defendant moved for a new trial, which was granted.

*W. W. Guthrie* and *Thos. Metcalfe,* for plaintiff in error.

The assignment or order of June 1, 1872, was an equitable assignment of O'Keefe's contract to plaintiff, and would take precedence of any garnishment set up by defendant. Newby v. Hill, 2 Metc. (Ky.) 530. It was a full legal assignment of the contract, which gave the plaintiff the right to do the work, and receive his pay for his work when done.

But defendant concedes an indebtedness for this work, and seeks to avoid payment to plaintiff—*First*, because garnished by O'Keefe's creditors; *second*, because an order had been given by O'Keefe to William Mills for $18.25, and another to Minehart for $125. The Minehart order was dated February 14, 1872, on two city officials, (not on the city,) payable only when the said work had been done by him. The Mills order no one knew anything about. This defense was first set up on *the trial,* and not until defendant had failed in all its defenses plead in its answer. There was no garnishment until August 5, 1872. The garnishee proceedings cut no figure in this

case, in any event. The city attorney seems to have based his defense upon the idea that, because the contract to do the work was in the name of O'Keefe, without a formal assignment thereof, and a formal resolution of the city council assenting to the assignment, that only O'Keefe could be known to the city authorities; and that, whatever might be the fact as between O'Keefe and any assignee of his contract, O'Keefe's creditors, at any time before payment, could by garnishment reach the money in its hands. When on the trial this idea proved a fallacy, then, as if fully determined that the man who had done the work should not receive his pay, defendant insisted on injecting an entirely *new defense. While it is true that the jury did not obey the instructions of the court, it is certainly true that the law and evidence of the case, as disclosed in the record, fully authorized the verdict; and hence no error exists affecting any substantial right of the defendant.

When the court tendered a judgment to plaintiff on condition of a remitter, it expressly overruled both grounds of defendant's motion for a new trial; but if the effect of its decision was to sustain such motion, then the record clearly discloses error for which the order granting such motion should be reversed.

*D. Martin*, for defendant in error.

The court below held that all the orders drawn by O'Keefe were binding upon the city, and the city was bound to pay them, and so instructed the jury. The jury overruled the judge, and held that the McCubbin order only was binding, and therefore rendered a verdict in favor of plaintiff for the full amount claimed. Of course, the court set aside the verdict and granted a new trial. This is plaintiff's only real cause of complaint in this court; and it was a very proper ruling of the judge. Leave had been granted to defendant to amend its answer, and the Minehart and Mills orders were admitted under the amendment. Why were not these orders as binding as the McCubbin order? They were drawn by the same contractor, upon the same fund, and previously to the McCubbin order. All the allegations in defendant's answer regarding the garnishment of defendant by the creditors of O'Keefe were fully proved as alleged, and constituted a good defense to plaintiff's action. There was no error in granting a new trial.

BREWER, J. On the ninth of January, 1872, the city of Atchison made a contract with D. C. O'Keefe to grade *Spring street, between Seventh and Tenth streets. O'Keefe sublet the contract to one Montgomery. After the latter had done a small portion of the work, he threw up his contract. O'Keefe then turned the work over to the plaintiff, who completed the grading, and presented his bill against the city for the entire amount done under the contract. The work was completed on or before the twenty-ninth of

July, 1872, and the bill therefor presented on that day. On the first of June, 1872, O'Keefe executed this instrument:

"ATCHISON, KAN., June 1, 1872. .

"For value received I hereby sell and assign to R. S. McCubbin, of the money coming to me on my contract with the city of Atchison for grading Spring street, in said city of Atchison, the sum of $450, more or less, as soon as said work shall be completed according to said contract with said city, and I hereby authorize the proper city authorities to pay such sum to said McCubbin.     D. C. O'KEEFE."

In February, 1872, and before any work had been done, O'Keefe had given two orders on the city on account of this contract, (one for the sum of $125, and the other for $18.25.) These orders were accepted by no one, but simply filed with the clerk or treasurer. In August, 1872, and after the work had been completed, certain *170 garnishee proceedings were com*menced by creditors of O'Keefe, and in them the city ordered to pay the amount due under this contract to such creditors. Thereafter the plaintiff brought his action in the district court against the city for the full amount due under the contract. The court instructed the jury that plaintiff was entitled to recover for this sum, less the amount of the two orders given by O'Keefe. The jury brought in a verdict for the full amount. The court then offered to enter judgment on the verdict, providing the amount of these two orders was remitted by plaintiff. The plaintiff declined to remit, and the verdict was thereupon, on motion of the city, set aside. The plaintiff brings the case here, and asks that the district court be directed to enter judgment on the verdict, as returned by the jury. By offering the plaintiff judgment providing he would remit the amount of these orders, the court, in effect, overruled all other grounds for a new trial. Should these orders have been deducted from the amount of the verdict? O'Keefe testified that when he turned the contract over to plaintiff, and signed the instrument hereinbefore set forth, it was with the agreement that the two orders should be first paid, and that the balance only should go to plaintiff. This plaintiff denied, and testified that he knew nothing about these orders, and that he was to finish the work and receive the entire pay. The work having been done in pursuance of the contract, to the acceptance of the officials designated in the contract, the city was bound to pay some one the contract price. *171 There is *nothing in the contract restricting the right of the contractor to transfer his contract to another party, and we know of no law that, in the absence of any objection on the part of the city, would prevent such a transfer. Such a transfer may be by parol, and needs no writing to effectuate it. The plaintiff claims by virtue of a transfer from O'Keefe, and of course has no greater rights than that transfer gives. If the agreement between him and O'Keefe was that these orders should have priority, he cannot accept the bene-

fits of the transfer and repudiate the conditions. The work was partially done at the time of the transfer, and for this work O'Keefe had the legal claim against the city. Whether the contract price for this work equaled the amount of these orders is immaterial, for plaintiff can claim no greater rights than the terms of the transfer gave him. On the other hand, if the transfer was absolute, without conditions, and of all claims for the work done, as well as that to be done, then O'Keefe would be concluded by such transfer, and the holders of these orders could equitably have no greater claim than for the contract price for the work already done. They could not rightfully deprive plaintiff of pay for the work that he did. The orders were not accepted, and no action could therefore be maintained on them as orders. It is only by regarding them as equitable assignments of claims for money due that the holders can have any rights. And such equitable assignment can reach only to the amount O'Keefe had earned prior to the transfer. 2 Story, Eq. §§ 1043, 1044; Lett v. Morris, 4 Sim. 607; Morton v. Naylor, 1 Hill, 583. In this view of the law applicable to the case, it does not appear clear that the court erred in granting a new trial, and under the rule laid down in the cases of Field v. Kinnear, 5 Kan. *233, City of Ottawa v. Washabaugh, 11 Kan. *124, it would be improper to reverse the decision of the district court.

The judgment of the district court is affirmed.

(All the justices concurring.)